UNITED STATES DISTRICT COURT
EASTERN COURT OF LOUISIANA

JUNE P. SAACKS                                          CIVIL ACTION NO. 06-10574

VERSUS                                                  SECTION: "B"(2)

TREASURE CHEST CASINO, L.L.C.,
BOYD KENNER, INC.

## ORDER AND REASONS

Before the Court is Plaintiff's Motion to Remand (Rec. Doc. No. 12). For the reasons that follow,

**IT IS ORDERED** that the motion is **DENIED.**

On October 24, 2006, Plaintiff filed suit in the 24th Judicial District Court for the Parish of Jefferson against Defendants, Treasure Chest Casino, L.L.C. ("Treasure Chest") and Boyd Kenner, Inc. ("Boyd") asserting claims for unpaid wages. Subsequently, Defendants filed their Notice of Removal, asserting that federal question jurisdiction exists because Plaintiff's minimum wage and overtime claims are governed solely by the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"). Thereafter, Plaintiff filed the instant motion to remand, contending that she is not making a federal claim in her petition, but is instead seeking relief under Louisiana Revised statutes 23:631 and 632.

In her petition for alleged unpaid wages Plaintiff specifically alleges that "anything over eight hours a day constitutes time and a half, for which Petitioner is now making claim" and that "Defendants, in control of the payroll, were aware of Petitioner's exempt status and the hours Petitioner was working, yet purposely and intentionally paid for only for forty hours per week, denying her time-and-a-half, as provided for the additional time that she worked."[1] Defendants

---

[1] Rec. Doc. No. 1-2 at ¶ 14.

contend that these claims are governed solely by the FLSA.

There is no Louisiana state law requiring payment of overtime wages; the obligation to pay minimum wages and overtime is governed exclusively by the FLSA.  *Smith v. Diamond Offshore Management Company*, 2003 WL 23095586 (E.D. La. December 23, 2003).  Furthermore, claims brought under the FLSA are removable to federal court under §1441(b).  *Breuer v. Jim's Concrete of Brevard, Inc.,* 538 U.S. 691, 123 S.Ct. 1882 (2003).

Therefore, contrary to Plaintiff's contentions, Defendants did not remove this matter based solely on a defense to liability that raises issues of federal law.  Rather, it was Plaintiff in her own petition that subjected this matter to the jurisdiction of this Court.[2]  Thus, the Court finds that original exclusive jurisdiction exists pursuant to the FLSA.  Accordingly,

**IT IS ORDERED** that the motion to remand is **DENIED.**

New Orleans, Louisiana, this 24th day of April, 2007.

_____

UNITED STATES DISTRICT JUDGE

---

[2] The Court recognizes that not all claims in Plaintiff's petition involve the FLSA. Because, however, these state law claims arise out of the same set of operative facts as her FLSA claims, the Court elects to exercise supplemental jurisdiction over said claims pursuant to 28 U.S.C. § 1367.